UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL BRANNIGAN,
ATTORNEY-IN-FACT FOR
PATIENT KP, and WORLDWIDE
AIRCRAFT SERVICES, INC. d/b/a
JET ICU,

        Plaintiffs,

v.                                                 Case No. 8:21-cv-2353-KKM-SPF

ANTHEM BLUE CROSS AND BLUE
SHIELD,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

In this one-count Employee Retirement Income Security Act of 1974 ("ERISA") case, Plaintiffs sue Defendant Anthem Blue Cross and Blue Shield ("Anthem") over its failure to reimburse them for the cost of patient KP's air ambulance evacuation from the Dominican Republic to a hospital in Fort Lauderdale, Florida, after KP suffered a heart attack aboard a cruise ship (*see* Doc. 1). Before the Court are Defendant Anthem's Motion to Dismiss Complaint (Doc. 19), Plaintiffs' Memorandum of Law in Opposition (Doc. 20), and Defendant's Notice of Supplemental Authority (Doc. 32). The undersigned recommends that Defendant's motion be granted.

# BACKGROUND[1]

Plaintiff KP is beneficiary under a health plan administered by Anthem (a Blue Cross Blue Shield licensee) and governed by ERISA (Doc. 1 ("Compl.") at ¶¶ 1-2). On August 18, 2019, KP suffered a heart attack while onboard a cruise ship in the Dominican Republic (*Id.* at ¶ 2). The ship's physician recommended that KP be evacuated to a level one trauma center (*Id.* at ¶ 6). Plaintiff Worldwide Aircraft Services, Inc. d/b/a Jet ICU ("Jet ICU") was the on-call jet ambulance service for the cruise line, and it evacuated KP from the port in the Dominican Republic to Broward Health Medical Center in Fort Lauderdale (*Id.* at ¶ 2).

Anthem participates in the Blue Card Program and National Accounts System (*Id.* at ¶ 27). Under this plan, Tampa-based Jet ICU is an out-of-network out-of-area provider with Anthem – it does not have a pre-negotiated contract with Anthem (*Id.* at ¶ 17). Because Jet ICU is an out-of-network out-of-area provider, the reimbursement methodology under the Certificate of Coverage issued to KP requires the claim to be priced as required by state or federal law – here, Fla. Stat. § 627.64194 (*Id.* at ¶ 33). It also states that "the Maximum Allowed Amount for out of area claims may be based on billed charges." (*Id.*).[2]

---

[1] These background facts are alleged in Plaintiffs' Complaint (Doc. 1), and the Court accepts them as true in ruling on Anthem's motion to dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp.*, 711 F.2d 989, 994 (11th Cir. 1983).

[2] Plaintiffs do not attach the health benefits booklet (also called the "Certificate" or the "Plan") to their Complaint, but it is attached to Anthem's motion to dismiss (Doc. 19-1). The Court considers the Plan as part of the pleadings for purposes of Anthem's Rule

Jet ICU submitted an invoice on a CMS-1500 form to Anthem, who reimbursed it for the ground transportation services it provided KP from the Ft. Lauderdale airport to the hospital but not for its air ambulance services (*Id*. at ¶¶ 3, 8-9). In a December 4, 2020 Adverse Determination letter, Anthem stated it was denying reimbursement of the outstanding $237,770 in air ambulance fees because there were hospitals in the Dominican Republic that could have treated KP – the service was not medically necessary (*Id*. at ¶¶ 3-5). The cost of Jet ICU's air ambulance services remains unpaid (*Id*. at ¶ 9).

On September 8, 2021, KP, a South Carolina resident, executed a power of attorney appointing Florida attorney Michael Brannigan as her attorney-in-fact with respect to claims and litigation regarding KP's outstanding debt to Jet ICU (*Id*. at ¶ 36; Doc. 20-2).[3] Brannigan is Jet ICU's attorney and agent (Compl. at ¶ 11). In October 2021, Brannigan (as KP's attorney-in-fact) and Jet ICU sued Indiana-based Anthem in the Middle District of Florida for reimbursement of its air ambulance services under ERISA.[4]

---

12(b)(6) motion to dismiss without converting the motion to one for summary judgment, because Plaintiffs reference the Plan in their Complaint, and it is central to their claim. *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

[3] Plaintiffs do not attach the power of attorney to their Complaint, but they cured this deficiency by attaching it to their response to Anthem's motion to dismiss. Anthem does not challenge its authenticity. *See Madura v. Bank of Am., N.A.*, 767 F. App'x 868, 870 (11th Cir. 2019) ("A district court may also consider documents referenced in the complaint, even if they are not physically attached, if the documents are (1) central to the complaint and (2) no party questions their authenticity.") (citing *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005)).

[4] The paragraph numbering in Plaintiffs' Complaint skips ¶ 43 and then skips from ¶ 45 to ¶ 56 (Doc. 1 at 8-9).

At this juncture, Anthem moves to dismiss the complaint in its entirety, with prejudice, under Rules 12(b)(1), 12(b)(2), and 12(b)(6) for lack of standing, lack of personal jurisdiction, and failure to state a claim (Doc. 19). Plaintiffs respond that the power of attorney between KP and Brannigan provides standing, that this Court has personal jurisdiction over Anthem because ERISA authorizes nationwide service of process over a nonresident defendant, and that their complaint identifies the plan terms under which they seek benefits, stating a claim under ERISA (Doc. 20). Defendant has filed a Notice of Supplemental Authority (Doc. 32), calling the Court's attention to a March 16, 2022 Order in *Worldwide Aircraft Services, Inc. and Michael Brannigan v. Anthem Insurance Companies, Inc.*, Case No. 8:21-cv-456-CEH-AAS, Doc. 38, 2022 WL 797471 (M.D. Fla. Mar. 16, 2022) that granted Anthem's motion to dismiss in a case that involves similar facts to this one (Anthem's alleged under-reimbursement of a patient's air ambulance evacuation).

## DISCUSSION

"To withstand a motion to dismiss under Rule 12(b)(6), a complaint must include enough facts to state a claim to relief that is plausible on its face." *Checker Cab Operators, Inc. v. Miami-Dade Cnty.*, 899 F.3d 908, 915 (11th Cir. 2018) (quoting *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering a motion to dismiss under Rule 12(b)(6), the court views the complaint in the light most favorable to the plaintiff and accepts as true all the factual allegations contained therein. *Hill v. White*, 321

F.3d 1334, 1335 (11th Cir. 2003) (citation omitted). Plaintiffs, however, are obligated to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

Under Rule 12(b)(1), a party may move to dismiss a complaint for lack of subject matter jurisdiction. When challenging subject matter jurisdiction under Rule 12(b)(1), a party may make either a facial attack or a factual attack. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). "Facial attacks on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject-matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id*. at 1529 (citations omitted). Factual attacks challenge the very existence of subject matter jurisdiction, irrespective of the pleadings. *Id*. In assessing a motion to dismiss under Rule 12(b)(1), the Court affords Plaintiff the same safeguards as those provided in opposing a Rule 12(b)(6) motion – it considers all allegations of the complaint as true and is confined to the four corners of the complaint. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).

### A. Subject Matter Jurisdiction

Anthem argues that neither Jet ICU nor Brannigan has statutory standing to bring an ERISA claim. "Two categories of persons may sue for benefits under an ERISA plan: plan beneficiaries and plan participants." *Griffin v. Coca-Cola Enter., Inc.*, 686 F. App'x 820, 821 (11th Cir. 2017) (*citing* 29 U.S.C. § 1132(a)(1)(B)); *see also Hobbs v. Blue Cross Blue Shield of Ala.*, 276 F.3d 1236, 1241 (11th Cir. 2001). Under ERISA, a "participant" is "any

5

employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7).  A "beneficiary" is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder."  29 U.S.C. § 1002(8).

Anthem is right that "[h]ealthcare providers . . . generally are not considered 'beneficiaries' or 'participants' under ERISA." *Hobbs*, 276 F.3d at 1241.  But "[b]ecause ERISA-governed plans are like contracts, the parties are free to bargain for certain provisions in the plan – like assignability." *Phys. Multispecialty Grp. v. Health Care Plan of Horton Homes, Inc.*, 371 F.3d 1291, 1296 (11th Cir. 2004).  Here, evaluating standing based on the facts alleged in Plaintiffs' complaint, as the undersigned is required to do, *see Surgery Ctr. of Viera, LLC v. UnitedHealthcare, Inc.*, 465 F.Supp.3d 1211, 1217 (M.D. Fla. 2020), Plaintiffs do not allege the existence of an assignment of benefits, and, consequently, Plaintiffs have no independent standing to assert their claim.  Instead, Brannigan relies on KP's power of attorney to confer derivative standing on both himself (as KP's attorney-in-fact) and Jet ICU.

An attorney-in-fact may not act for his or her own benefit.  *See Stott v. White Oak Manor, Inc.,* 828 S.E.2d 82, 85 (S.C. Ct. App. 2019) (the holder of the power of attorney

steps into the shoes of the grantor and is "basically the alter ego" of the grantor).[5]  In *Chiron Recovery Ctr., LLC v. United Healthcare Servs., Inc.*, No. 9:18-cv-81761, 2020 WL 3547047, at *2 (S.D. Fla. June 30, 2020), a case Anthem argues is on "all fours" with this one (Doc. 19 at 12), the court found that the provider's power of attorney did not confer standing for ERISA purposes, because its complaint focused on the provider's injury rather than the injury suffered by the plan beneficiaries.  But here, Plaintiffs allege that Brannigan "is Attorney-in Fact for Patient K[P][6] pursuant to a power of attorney." (Compl. at ¶ 11).  And, "[a]fter Plaintiff submitted an invoice on a CMS-1500 form to Defendant, as required, for $237,770.00, Defendant paid $0.  The member continues to owe this amount." (*Id.* at ¶¶ 3, 9).  Considering the power of attorney and accepting all of Plaintiff's well-pleaded allegations as true, Plaintiffs have sufficiently alleged Brannigan's standing as attorney-in-fact for patient KP, at least at this stage of the litigation.

Plaintiffs fail to demonstrate that Brannigan has standing as attorney-in-fact for Jet ICU, however.  A power of attorney "confers upon [the agent] the authority to perform certain specified acts or kinds of acts on behalf of the principal."  *Stott*, 828 S.E.2d at 85. Although the Court accepts Brannigan's standing on behalf of the principal KP, Plaintiffs fail to demonstrate an independent basis for Brannigan's standing on behalf of Jet ICU (a provider for ERISA purposes, rather than a participant or beneficiary).  Plaintiffs do not

---

[5] Powers of attorney are creatures of state law; in this case, KP's power of attorney appears to be governed by South Carolina law (Doc. 20-2).

[6] Plaintiff references "KD" rather than "KP," but this appears to be a scrivener's error. "KP" is the patient in this case; "KD" is the patient in *Worldwide Aircraft Services, Inc. and Michael Brannigan v. Anthem Insurance Companies, Inc.*, Case No. 8:21-cv-456-CEH-AAS.

7

allege an assignment exists in this case and, in any event, as Anthem points out, the Certificate has two anti-assignment provisions: "You cannot assign your right to receive payment to anyone[,]" and "the coverage and any benefits under the Plan are not assignable by any Member without written consent of the Plan, except as provided above." (Doc. 19-1 at 58). In short, under the Plan's anti-assignment provisions, any assignment of a claim for benefits is prohibited absent written permission, which Jet ICU does not allege it obtained. *See Surgery Ctr. of Viera, LLC v. Blue Cross & Blue Shield of Fla., Inc.*, No. 6:19-cv-630-WWB-GJK, 2019 WL 5393817, at * 2 (M.D. Fla. Oct. 10, 2019); *Surgery Ctr. of Viera, LLC v. Se. Surveying & Mapping Corp.*, No. 6:17-cv-754-PGB-TBS, 2018 WL 922202, at *3-4 (M.D. Fla. Jan. 31, 2018).

Jet ICU fails to establish that it has standing to assert an ERISA claim. *See Worldwide Aircraft*, 2022 WL 797471, at *4-5 ("As Plaintiffs have failed to allege written permission for an assignment of benefits and the anti-assignment provision in the Plan appears to preclude an assignment of claims in any event, Plaintiffs' Amended Complaint fails to allege the basis for Jet ICU's standing to assert a claim."). Jet ICU's ERISA claim should be dismissed with leave to amend to address this deficiency.

### B. Personal Jurisdiction

Next, Anthem contends that Plaintiffs fail to allege personal jurisdiction over it because it lacks the requisite connections with Florida to satisfy the state's long-arm statute (Doc. 19 at 14-23). But Anthem overlooks that "when the personal jurisdiction of a federal court is invoked based upon a federal statute providing for nationwide or worldwide service, the relevant inquiry is whether the respondent has had sufficient minimum

8

contacts with the United States." *S.E.C. v. Carrillo*, 115 F.3d 1540, 1543 (11th Cir. 1997) (collecting cases). Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), provides for nationwide service of process. So, under these circumstances, personal jurisdiction over Anthem is proper if it does not offend the Fifth Amendment's due process requirements. *See Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997) ("[W]hen, as here, a federal statute provides the basis for jurisdiction, the constitutional limits of due process service from the *Fifth*, rather than the *Fourteenth*, Amendment.") (citations omitted) (emphasis in original).

And, as the court found in *Worldwide Aircraft*, "Anthem, an Indiana health insurance company, certainly has minimum contacts with the United States." 2022 WL 797471, at *5; *see also S.E.C. v. Marin*, 982 F.3d 1341, 1349-50 (11th Cir. 2020) (finding that where personal jurisdiction is based on federal statute authorizing nationwide service of process, applicable forum for minimum contacts purposes is the United States, not the state in which the district court sits); *Caudle v. Life Ins. Co. of N. Am.*, 33 F.Supp.3d 1288, 1292 (N.D. Ala. 2014) (noting that a defendant's contacts with the forum state play no "magical role" in the Fifth Amendment analysis when personal jurisdiction is based on nationwide service of process exception in federal statute) (citations omitted).

### C. Failure to State an ERISA Claim

Anthem's last argument is that the Court should dismiss Plaintiffs' Complaint under Rule 12(b)(6) because Plaintiffs fail to specify the Plan provisions under which they seek recovery (Doc. 19 at 23-25). "[A] plaintiff who brings a claim for benefits under ERISA must identify a specific plan term that confers the benefit in question." *Sanctuary*

9

*Surgical Ctr., Inc. v. UnitedHealth Grp., Inc.*, No. 10-81589-CIV, 2013 WL 149356, at *3 (S.D. Fla. Jan. 14, 2013) (citations omitted).  Plaintiffs point the Court to paragraphs 33 and 34 of their Complaint, which reference the Certificate in general and Fla. Stat. § 627.64194 (regarding the provision of emergency services by nonparticipating providers and an insurer's liability to pay for such services) (Compl. at ¶¶ 33-34).  But these paragraphs do not identify the claimed benefit under the Plan as it relates to benefits payable to KP.  As a result, Plaintiffs have failed to state a claim for which relief may be granted.  In their amended complaint, Plaintiffs should cure this deficiency and identify a specific Plan provision under which KP claims benefits and attach any documents upon which they rely.

## CONCLUSION

The undersigned RECOMMENDS:

(1) Defendant's Motion to Dismiss Complaint (Doc. 19) be GRANTED;

(2) Plaintiffs' Complaint (Doc. 1) be DISMISSED without prejudice; and

(3) Plaintiffs be given an opportunity to amend their complaint to correct the deficiencies identified above, within 14 days of the Order adopting this Report and Recommendation.

**IT IS SO REPORTED** in Tampa, Florida on April 26, 2022.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object under § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions in this Report and Recommendation. 11th Cir. R. 3-1.